FILED
HARRISBURG, PA

JAN 23 2023

PER ___ JPL ___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SADEEN JONES, | : | CIVIL NO. 1:21-CV-01715 |
| Plaintiff, | : | |
| | : | |
| v. | : | (MAGISTRATE JUDGE CARLSON) |
| | : | |
| MARK C. GARMAN, *et al.*, | : | |
| Defendants, | : | JUDGE JENNIFER P. WILSON |

AND NOW, on this 20th day of January, 2023 I, Plaintiff received an **ORDER** from Judge Jennifer P. Wilson suggesting that the defendants shall now file an answer to my remaining claims.

The defendants in this case was given more than enough time to file an answer to the Report And Recommendations after (Magistrate Judge Carlson's) report on the 10th Day of May 2022.

The defendants did not challenge Plaintiff's 8th Amendment claim, and as Magistrate Judge Carlson clearly explains and stated in the Report And Recommendation as follows.

**{Procedural Due Process Rights are (only) triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.**
**We recognize that in *Thomas*, the court of appeals analyzed this claim under the 8th Amendment, and we acknowledge that the Defendants have Prudently elected not to challenge Jones 8th Amendment claim in their MOTION TO DISMISS. Nonetheless, we find that the *Thomas* decision is also an APT Yardstick for measuring whether Plaintiff was exposed to atypical and significant hardship in relation to the ordinary incidents of prison life, the benchmark standard for Due Process claims. Indeed, it would be anomalous to say that the conduct could plausibly constitute cruel and unusual punishment but did not rise to the level of an atypical and significant hardship on the Plaintiff.}**

Plaintiff comes before the court today asking and seeking that we move this case forward.

Defendants had ample amount of time to initially challenge Plaintiff's claims and to adhere to both of the ORDERS issued by the courts on June 2nd, 2022 and most recently on January 3rd, 2023, however, Defendants failed to do so, for which they had already conceeded to plaintiff's claims by not initially challenging. To allow this delay is giving the Defendants a do-over and it sets this case back.

SADEEN JONES #DW1963
1111 ALTAMONT BLVD
FRACKVILLE PA. 17931

CIVIL NO. 1:21-CV-01715

JANUARY 20TH, 2023

DEAR CLERK,

HELLO, I WRITE TO YOU ASKING THAT YOU FORWARD THIS RESPONSE MOTION TO THE CORRECT PARTIES INVOLVED.

THANK YOU SO VERY MUCH FOR YOU TIME AND ASSISTANCE CONCERNING THIS MATTER.

SINCERELY YOURS!
SADEEN JONES
*[signature]*

Mr. Jadeen Jones #DW-1963
1111 ALTAMONT BLVD
FRACKVILLE, PA. 17931

INMATE MAIL
PA DEPT OF
CORRECTIONS

quadient
FIRST-CLASS MAIL
IMI
$000.57
01/20/2023 ZIP 17932
043M31230995
US POSTAGE

RECEIVED
HARRISBURG, PA
JAN 23 2023
PER_____ DEPUTY CLERK

OFFICE OF THE CLERK
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA. 17108

1710830983 B011