IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SADEEN JONES, | : | Civil No. 1:21-CV-01715 |
| Plaintiff, | : | |
| v. | : | |
| MARK C. GARMAN, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are the objections of Sadeen Jones ("Plaintiff") to the court's September 26, 2024 memorandum and order granting summary judgment in part in favor of Defendants. (Doc. 58.) The court construed this as a motion for reconsideration and notified the parties that it would be reviewed as such at the October 23, 2024 telephonic status conference. The court finds that Plaintiff's motion is merely at attempt to relitigate the issues raised in summary judgment, and will deny the motion accordingly.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this action by filing a complaint, which was received and docketed by the court on October 7, 2021. (Doc. 1.) This complaint was not on the court's civil rights complaint form and is somewhat difficult to discern. The complaint focused on events beginning on July 21, 2019 during visiting hours when Plaintiff was removed from his visit and transported to a dry cell. (*Id.*)

1

Plaintiff alleged he was in this dry cell for ten days. (*Id.*) He raised due process, cruel and unusual punishment, and retaliation claims against six individuals. (*Id.*)

Following Defendants' motion to partially dismiss the complaint, Magistrate Judge Martin C. Carlson entered a report and recommendation recommending that the court grant the motion in part and dismiss Plaintiff's injunctive relief and the official capacity damages claims. (Doc. 18.) None of the parties raised any objections to the report and recommendation. The court adopted it on June 2, 2022, and dismissed Plaintiff's request for injunctive relief and all damages claims against Defendants in their official capacity. (Doc. 19.)

Following the conclusion of fact discovery, Defendants filed a motion for summary judgment. (Doc. 45, 49, 50.) Following briefing, the court entered a memorandum and order on September 26, 2024 that granted the motion for summary judgment in part. (Docs. 54, 55.) The sole surviving claim is an Eighth Amendment claim against Defendants concerning the duration of his detention in the dry cell. (Doc. 55.) On October 23, 2024, the court received and docketed a document listing Plaintiff's objections to the court's September 26, 2024 order granting the summary judgment motion in part. (Doc. 58.) At the status conference held on that same day, the court notified the parties that the document had been received and it would be construed as a motion for reconsideration. Defendants then filed a brief in opposition, Doc. 62, and Plaintiff filed a response,

2

Doc. 63.  The motion for reconsideration is now ripe and will be addressed by the court.

## DISCUSSION

Because Plaintiff's motion seeks reconsideration of an interlocutory order partially granting summary judgment, it is brought pursuant to Fed. R. Civ. P. 54(b).  *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b).").  Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp. 3d at 295.  Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'"  *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'"  *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d

630, 632 (M.D. Pa. 2007)).  Nevertheless, the following limitations apply to such motions:

> Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision.  Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.  A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

Here, Plaintiff's motion for reconsideration is a clear example of Plaintiff trying to get a second bite at the apple.  Plaintiff alleges the court failed to consider the lack of evidence in support of the misconduct when it addressed the due process claim.  (Doc. 58, p. 1.)[1]  This was an argument available to Plaintiff when he filed his response to the motion for summary judgment.  Giving him an opportunity to raise it now is inappropriate under *Qazizadeh*.

Plaintiff also argues that the length of time he spent in a dry cell "in itself" is a violation of the Eighth Amendment.  (Doc. 58, p. 2.)  However, this is the very issue that survived summary judgment and is the subject of continued litigation.  (Doc. 55.)

---

[1] For ease of reference, the court uses the page numbers form the CM/ECF header.

Plaintiff also argues that the court failed to recognize that he put the staff on notice that his right wrist injury resulted in him being unable to switch cuffs and that he was denied a grievance form while in the dry cell as evidence of retaliation. (Doc. 58, pp. 2–5.) However, these were arguments that Plaintiff was free to raise in his response to Defendants' motion summary judgment. (Doc. 51.) Granting him an opportunity to do so now amounts to giving Plaintiff a second bite of the apple.

Plaintiff merely alleges that the court got it wrong and presents arguments that could have been properly raised in his brief in opposition to his motion for summary judgment. (Doc. 58.) He styles his motion for reconsideration as an attempt to "correct a clear error of law or fact to prevent manifest injustice." (Doc. 63.) However, Plaintiff was granted an opportunity to raise all his arguments in his response to Defendants' motion for summary judgment, and the court will not grant him an opportunity to relitigate them now.

## Conclusion

For the above stated reasons, Plaintiff's motion for reconsideration will be denied. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: February 24, 2025